110 N.J. Super. 167 (1970)
264 A.2d 745
THOMAS MULLIGAN, APPELLANT,
v.
E. NORMAN WILSON, DIRECTOR OF LAW AND PUBLIC SAFETY, CITY OF HOBOKEN, A MUNICIPAL CORPORATION, CIVIL SERVICE COMMISSION, STATE OF NEW JERSEY, AND DEPARTMENT OF CIVIL SERVICE, STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1970.
Decided May 1, 1970.
*169 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Mitchell Melnikoff argued the cause for appellant (Mr. Lee A. Holley, attorney).
Mr. Philip S. Carchman, Deputy Attorney General, argued the cause for respondents, Civil Service Commission and Department of Civil Service (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
No one appeared on behalf of respondent E. Norman Wilson, Director of Law and Public Safety, City of Hoboken.
The opinion of the court was delivered by COLLESTER, J.A.D.
Thomas Mulligan appeals from an administrative decision of the Department of Civil Service (Department) refusing to certify him as eligible for appointment as a police officer of the City of Hoboken.
*170 On April 26, 1968 the Department announced that a competitive examination for the position of patrolman in the police department of the City of Hoboken would be held on June 8. On May 13 appellant filed his application to take the examination. Because Mulligan was unable to comply with the minimum height requirement of 5'7" prescribed by the Department the Director of Law of Hoboken notified the Department that the city was willing to accept him for appointment even though he was one inch short of the height requirements. On June 12 the Department notified the Director that at the time of the examination Mulligan's height was 5'5.1" [nearly two inches short]; that it was not its policy to consider waivers for deficiencies of this magnitude, and that it would not waive the minimum height requirement. Thereafter the Department notified appellant it would not consider him as a candidate for the position under Civil Service Rule 26, now N.J.A.C. 4:18-14(b) (1). Appellant brought an action in the Chancery Division challenging the ruling and the court transferred the case to this court for review pursuant to R.R. 4:88-8, now R. 2:2-3.
Appellant's first point is that there is no statutory authority for the height limitation imposed and that absent a specific delegation of power by the Legislature the Department had no authority to prescribe such a requirement. He further argues that rules and regulations adopted by the Department also do not provide for such a height requirement. We are satisfied that appellant reads the Civil Service Act and the rules and regulations too narrowly.
Art. New Jersey Constitution (1947), Art. VII, § I, par. 2, provides that civil service appointments shall be made according to merit and fitness to be ascertained, as far as practicable, by a competitive examination. To attain this objective the Legislature enacted the Civil Service Act, N.J.S.A. 11:1-1 et seq., creating the Department of Civil Service, headed by the Civil Service Commission. To implement the powers delegated by the statute the agency *171 was authorized to adopt rules and regulations to carry into effect the provisions of the law.
Under the rules and regulations the chief examiner and secretary of the department is charged with the responsibility of directing the testing of applicants and to establish minimum qualifications required for the satisfactory performance of the duties and tasks of the position. Civil Service Rules 2 and 11, now N.J.A.C. 4:3-8(13). The examination may include tests of physical qualifications of the applicant. N.J.S.A. 11:23-6. N.J.S.A. 11:23-2 provides that the Department may refuse to certify an applicant who lacks any of the established preliminary requirements for the position or is physically unfit to perform the duties thereof.
While it is true, as alleged by appellant, that neither the Civil Service Act nor the rules and regulations adopted by the Department specifically fix the height requirements for police officers, we are satisfied that properly construed the statute and rules grant the Department such authority. The grant of an express power by the Legislature is always attended by such incidental authority as is fairly and reasonably necessary or appropriate to make it effective, and authority granted to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent. Cammarata v. Essex County Park Comm'n, 26 N.J. 404, 411 (1958).
Since the Department is directed to conduct competitive examinations based on merit and fitness, including tests of physical qualifications for a position, we conclude that it is implicit in the provisions of the statute and the rules that the chief examiner and secretary has the authority to fix minimum physical qualifications for the position, including height requirements.
Appellant's second point is that the minimum height requirement of 5'7" fixed by the Department is arbitrary and capricious because it bears no relationship to the performance of the duties of a police officer. In the field of *172 civil service employment, administrative agents who are authorized to make such decisions are invested with a broad discretion and courts will not interfere with their actions unless they are clearly arbitrary and unreasonable. Flanagan v. Civil Service Department, 29 N.J. 1, 9 (1959).
In fixing the height requirement the chief examiner and secretary unquestionably considered the nature of the work involved in arriving at a determination to establish a minimum height at 5'7". It seems obvious that the physical stature of a police officer may be an essential factor in determining whether he is capable of performing the duties of the position and that an undersized person might not be able to adequately fulfill the responsibilities imposed upon him. The Department has provided us with a summary of the height requirements of police officers in 139 jurisdictions (county and municipal) in the 50 States, compiled by the International Association of Chiefs of Police. It reveals that in only one jurisdiction (Cheyenne, Wyoming) is the height requirement less than 5'7" namely, 5'6". In 22 jurisdictions the requirement is 5'7" (the standard adopted in New Jersey) while 113 jurisdictions require applicants to be at least 5'8" in height. We are satisfied that the action of the Department fixing 5'7" as a minimum height requirement was not unreasonable or arbitrary.
Appellant also argues that the height requirement is arbitrary because the Department waives the requirement for some applicants but refused to do so in his case. The argument is frivolous. It appears that the Department will consider waiving the height requirement at the request of a municipality, under certain conditions, where the deficiency is not more than one inch. This is not evidence that enforcement of the height requirement is arbitrary, capricious or discriminatory as to appellant, whose height deficiency was almost two inches.
Appellant's final point that the height requirement fixed for police officers violates the equal protection clause of the Federal Constitution lacks merit. It is not arbitrary; *173 it treats all applicants in a like manner, and it has a reasonable relation to the object of the Civil Service legislation  fitness of the applicant for the position. See Robson v. Rodriquez, 26 N.J. 517, 522-526 (1958).
Affirmed.