117 N.J. Super. 345 (1971)
284 A.2d 564
THOMAS H. HAMILTON, BETTY J. GROSSMAN, LOUISE BACH, GLADYS WIEMAN, FRED E. BEOHMER, HERBERT E. GARVAL AND FREDERICK ORGAN, PETITIONERS,
v.
NEW JERSEY REAL ESTATE COMMISSION, DEPARTMENT OF INSURANCE, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1971.
Decided December 6, 1971.
*346 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Jeffrey R. Lowe argued the cause for petitioners.
Mr. Donald B. Heeb, Deputy Attorney General, argued the cause for respondent New Jersey Real Estate Commission (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by FRITZ, J.A.D.
By Regulation No. 29, promulgated after public hearing, respondent New Jersey Real Estate Commission required all applicants for salesman, broker-salesman or broker's licenses as well as present holders of licenses to be fingerprinted. In accordance with R. 2:2-3(a)(2) petitioners here challenge this enactment on the grounds that (a) the Commission was without legislative authority for its action and (b) the rule is an unconstitutional invasion of privacy violative of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.
We believe both grounds lack merit.
The Commission was established by legislative enactment in N.J.S.A. 45:15-5 and invested with rule-making power by N.J.S.A. 45:15-6. Adequate standards, many detailed, governing its administration of the delegated authority, including its obligation to license real estate brokers and salesmen (N.J.S.A. 45:15-9), appear in Chapter 15 of Title 45 of the New Jersey Revised Statutes. While, as petitioners correctly contend, the express authority to require fingerprinting does not appear, we have no doubt that such was necessarily intended by the Legislature in its pronouncement of such licensing standards as are to be found, for instance, *347 in N.J.S.A. 45:15-12.1, -19.1, and -19.2. These decree that no license shall be issued to any person convicted within the past five years of specified crimes, and provide for the revocation of a license upon conviction, or the suspension of a license on indictment, for certain crimes. Less directly to the point, but still of major significance, the standards require the submission to the Commission by the applicant of evidence of good moral character. N.J.S.A. 45:15-9. The Commission's proper concern that only those applicants of "character, competency, and integrity" should be granted licenses, and the public interest in the exclusion of "unscrupulous persons," was recognized in Div. of the N.J. Real Estate Comm'n v. Ponsi, 39 N.J. Super. 526, 532-533 (App. Div. 1956).
The grant of such an express power  indeed, here the imposition of such a vital obligation  is "always attended by the incidental authority fairly and reasonably necessary or appropriate to make it effective." Cammarata v. Essex County Park Comm'n, 26 N.J. 404, 411 (1958). See also Mulligan v. Wilson, 110 N.J. Super. 167, 171 (App. Div. 1970). The delegated authority should be construed so as to permit the fullest accomplishment of the legislative intent. Cammarata and Mulligan, both supra.
We do not doubt that the authority to require fingerprinting was within the intent of the Legislature in its delegation to the Commission of authority to license proper applicants.
We turn to petitioners' complaint of an unconstitutional invasion of their right of privacy. While such a right is not to be found precisely enunciated in either the New Jersey or United States Constitutions, we acknowledge that its existence and protection has been declared as springing from the penumbra of other constitutional edict. Griswold v. Connecticut, 381 U.S. 479, 483, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Its vitality is now beyond question. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).
*348 But the right is not absolute.
Not every intrusion by government on the privacy of the individual is protected by the Fourth Amendment. The individual's basic claim to be alone is not an absolute one. It is recognized that certain intrusions on the privacy of the individual may be justified in the public interest. [State v. Kabayama, 98 N.J. Super. 85, 87 (App. Div. 1967), aff'd o.b. 52 N.J. 507 (1968)]
Salesmen and brokers dealing in real estate have ungoverned access regularly to private homes. The nature of their business is such that they are required to hold and to handle substantial sums of money belonging to others. The fact that there are over 30,000 such licensees in the State of New Jersey, coupled with the expressed conviction of the chairman of the Commission that he "know[s] of no other way to screen applicants properly, thoroughly, and legally"  and no alternatives were offered by the otherwise vocal participants at the public hearing  conduces to the firm conviction that the intrusion on the right of privacy, if such it be, promoted by the regulation in question, is indeed justified in the public interest. The policy considerations inherent in the licensing statutes fortify such a conclusion. See Mogolefsky v. Schoem, 50 N.J. 588, 595-597 (1967).
We hold Regulation No. 29 to be a valid promulgation.