STATE OF NEW JERSEY (BOROUGH OF ROSELLE), PLAINTIFF-RESPONDENT, v. GEORGE BROWN, DE-FENDANT-APPELLANT.

Argued February 5 and 6, 1973—Decided May 7, 1973.

*Mr. Bernard A. Kuttner* argued the cause for the appellant.

*Mr. Elson P. Kendall,* Assistant Prosecutor, argued the cause for the respondent (*Mr. Karl Asch,* Union County Prosecutor, attorney).

The opinion of the Court was delivered by

JACOBS, J. The defendant was convicted of having violated *N. J. S. A.* 2A:170–29(1) and, after his conviction was sustained in an unreported opinion by the Appellate Division, he appealed to this Court under *R.* 2:2–1. His appeal was heard along with *State v. Rosenfeld,* 62 *N. J.* 594 (1973), which was decided today.

In June 1971 a public meeting of the Roselle Board of Education was held in the high school cafeteria. It was well attended by over two hundred people and controversial issues were discussed. Officer Connallon of the Roselle Police Department was there and at one point he asked the defendant to move back to afford more room for members of the Board. The defendant did so although he used profanity in the process. Later during the meeting when the Officer and defendant met, the defendant became abusive and told the Officer: "I'll kick the s—— out of you, you m—— f—— — remember you work for me — you take that badge off and I'll kill you." A complaint for violation of *N. J. S. A.* 2A:170–29(1) was filed by the Officer against the defendant and in due course the matter was heard in the Roselle Municipal Court.

In the Municipal Court the Officer testified in support of the complaint and the defendant, along with a supporting witness, testified on his own behalf. The evidence indicated that the quoted words were spoken loudly within the hearing of the Officer and others and the Municipal Court Judge explicitly found that under the particular attendant circumstances they were such as to "incite a violent action." The deefndant was found guilty and a fine of $100 was imposed. The defendant appealed to the County Court which disposed of the matter on the record made in the Municipal Court; it found the defendant guilty but rested its finding on infringement of the Officer's sensibilities. On the defendant's further appeal to the Appellate Court, that court sustained the defendant's conviction, making its own factual findings as follows:

Based upon our own independent review of the record, we find that the evidence establishes beyond a reasonable doubt that the defendant did utter the words he is charged with having spoken, at a public meeting of the board of education, at the Roselle High School, a public place and a place to which the public had been invited; that said words were addressed and directed to the complaining witness

by the defendant; and that, in the context and circumstances used, the words were "fighting words" — i.e., likely to evoke an immediate violent response by the person to whom they were addressed.

 We accept the Appellate Division's factual findings which bring the matter squarely within *Chaplinsky v. New Hampshire*, 315 U. S. 568, 72 S. Ct. 766, 86 *L. Ed.* 1031 (1942), where the Supreme Court held that a statute declaring it criminal to use offensive language in circumstances likely to result in immediate breach of the peace did not run counter to constitutional freedoms of expression. In *Rosenfeld, supra*, 62 *N. J.* 594, we limited and upheld *N. J. S. A.* 2A:170–29(1) to the extent that it pertains to such "fighting words" (315 *U. S.* at 573, 72 S. Ct. at 770, 86 *L. Ed.* at 1036); that decision effectively dissipates the defendant's facial attack on the statute here. It is true that under the particular facts in *Rosenfeld* we found no threat to the peace, but there the words spoken did not refer to an individual and were not addressed face to face to an individual. Here they did so refer and were so addressed and, although the individual was a police officer presumably trained to exercise a high degree of restraint (*cf. Model Penal Code, p.* 14 (Tent. Draft No. 13 (1961)), a threat to the peace could nonetheless properly be found. Indeed in *Chaplinsky* itself the offensive words were addressed to a City Marshal and in many subsequent state cases *Chaplinsky* was applied to uphold a conviction on the basis of offensive language addressed to a police officer in a factual situation presenting danger of immediate breach of the peace. See *City of St. Petersburg v. Waller*, 261 *So. 2d* 151 (*Fla. Sup. Ct.*), cert. denied, 409 *U. S.* 989, 93 S. Ct. 312, 34 *L. Ed. 2d* 256 (1972); *Meyers v. State,* —— *Ark.* ——, 484 *S. W. 2d* 334 (1972); *Whited v. State,* —— *Ind.* ——, 269 *N. E. 2d* 149, rehearing denied, Ind., 271 *N. E. 2d* 513 (1971); cf. *Lane v. Collins*, 29 *Wis. 2d* 66, 138 *N. W. 2d* 264 (1965); *City of Saint Paul v. Morris*, 258 *Minn.* 467, 104 *N. W. 2d* 902 (1960), cert. denied, 365 *U. S.* 815, 81 S. Ct. 696, 5 *L.*

*Ed. 2d* 693 (1961); *Anniskette v. State,* 489 *P. 2d* 1012 (*Alaska* 1971).

■ Finally, we reject the defendant's contention that *Gooding v. Wilson,* 405 *U. S.* 518, 92 S. Ct. 1103, 31 *L. Ed. 2d* 408 (1972), dictates the setting aside of his conviction. There the defendant was charged with violating a Georgia statute aimed at abusive language. He was convicted in the Georgia courts but his conviction was upset by the Supreme Court in an opinion which found that the statute as applied by the Georgia courts was unconstitutionally overbroad. 405 *U. S.* at 518, 92 S. Ct. at 1103, 31 *L. Ed. 2d* at 408. In his opinion for the majority, Justice Brennan pointed out that the Supreme Court lacked "jurisdiction authoritatively to construe state legislation" and, citing *Dombrowski v. Pfister,* 380 *U. S.* 479, 491, 85 S. Ct. 1116, 14 *L. Ed. 2d* 22, 31 (1965), he noted that at least when statutes regulate or proscribe speech and when "no readily apparent construction suggests itself as a vehicle for rehabilitating the statutes in a single prosecution," attacks may be made on overly broad statutes "with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." However, in *Dombrowski* Justice Brennan specifically noted that the Supreme Court cases indicate that "once an acceptable limiting construction is obtained, it may be applied to conduct occurring prior to the construction [citations omitted], provided such application affords fair warning to the defendants." 380 *U. S.* at 491 n. 7, 85 S. Ct. at 1123, 14 *L. Ed. 2d* at 31 n. 7; see *McGautha v. California,* 402 *U. S.* 183, 259–261, 91 S. Ct. 1454, 28 *L. Ed. 2d* 711, 756–757 (1971) (dissenting opinion); *cf. Shuttlesworth v. Birmingham,* 382 *U. S.* 87, 92, 100, 86 S. Ct. 211, 15 *L. Ed. 2d* 176, 180, 184 (1965).

Unlike the situation in *Gooding,* we have an authoritative construction (*State v. Rosenfeld, supra,* 62 *N. J.* 594) of our State legislation which so limits it as to render it constitutional not only within the original contemplation of *Chaplin-*

*sky* but also within the Supreme Court's later narrowing formulations and applications of *Chaplinsky.* See *Street v. New York,* 394 *U. S.* 576, 592, 86 S. Ct. 1354, 22 *L. Ed. 2d* 572, 585 (1969) ; *Bachellar v. Maryland,* 397 *U. S.* 564, 567, 90 S. Ct. 1312, 25 *L. Ed. 2d* 570, 573–574 (1970) ; *Cohen v. California,* 403 *U. S.* 15, 20, 91 S. Ct. 1780, 29 *L. Ed. 2d* 284, 291 (1971) ; *Gooding v. Wilson, supra,* 405 *U. S.* at 524, 92 S. Ct. at 1107, 31 *L. Ed. 2d* at 415. Though the defendant's conduct occurred prior to *Rosenfeld,* the limiting construction may, as indicated in *Dombrowski, supra,* 380 *U. S.* at 491 n. 7, 85 S. Ct. at 1123, 14 *L. Ed. 2d* at 31 n. 7, be applied to him for it is clear that such application would embrace no element of unfairness. Surely the defendant had no basis whatever for believing that his grossly offensive and highly provocative language (*cf. Model Penal Code, supra, p.* 18) was in the circumstances presented, either beyond the criminal statutes of the State or within the constitutional freedoms of expression. In fairly giving retroactive application to the limiting statutory construction we are simply pursuing traditional principles and established precedents within our State. See, *e. g., State v. Hudson County News Co.,* 35 *N. J.* 284 (1961) ; *cf. State v. Profaci,* 56 *N. J.* 346 (1970) ; *State v. Zito,* 54 *N. J.* 206 (1969) ; see also *State v. Hopson,* 119 *N. J. Super.* 84, 89–90 (*App. Div.* 1972).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN, and Judges CONFORD and LEWIS—6.

*For reversal*—None.