Fred J. HOFFMAN et al., Plaintiffs,

v.

R. Thomas JANNARONE et al.,
Defendants,

and

Fred G. Burke, Commissioner of Education of New Jersey, Defendant-Intervenor.

Civ. A. No. 75–299.

United States District Court,
D. New Jersey.

Sept. 30, 1975.

Chamlin, Schottland & Rosen, by Michael Schottland, West Long Branch, N. J., for plaintiffs; Thomas W. Cavanagh, Jr., on the brief.

Morgan, Melhuish, Monaghan, McCoid & Spielvogel, by Richard J. Toniolo, Livingston, N. J., for defendants.

William F. Hyland, Atty. Gen., by Stephen Skillman, Deputy Atty. Gen., Trenton, N. J., for defendant-intervenor; Jane Sommer, Trenton, N. J., on the brief, and appearing.

Before GARTH, Circuit Judge, FISHER and MEANOR, District Judges.

## OPINION

PER CURIAM:

■■ The sole issue presented to the court for final hearing is plaintiffs' attack upon the constitutionality of N.J.S. A. 18A:16–2.[1] This legislation provides in substance for periodic physical and mental examinations of teachers by directive of the Board of Education (hereinafter "Board"), and other physi-

---

1. Plaintiff Hoffman has argued in his briefs that neither exhaustion of remedies nor "*Pullman*" type abstention is required. The defendants neither raised nor answered these issues indicating to us their agreement with the plaintiffs as to these issues. In this case which presents a challenge to the facial constitutionality of the state statute as authoritatively construed, exhaustion of state remedies is not required as a prerequisite to resort to this court in an action based on 42 U.S.C. § 1983. *McNeese v. Board of Educa-* tion for *Community Unit School Dist. 187*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). Since the state court has construed this statute (*see infra*), the consideration of abstention as set forth in *Railroad Comm'n v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) is not applicable.

Hoffman, as the aggrieved plaintiff in question, has standing. We, therefore, need not reach and do not decide the standing of other plaintiffs.

cal and mental examinations when, in the judgment of the Board, the teacher exhibits deviation from normal physical or mental health. At oral argument the parties agreed that the matter should be decided by this court upon cross-motions for summary judgment, in that there is no material dispute of fact.

This action was instituted by a tenured teacher employed by the Asbury Park Board of Education, Fred J. Hoffman, two officers and a special consultant of the Asbury Park Teachers' Association, and a field representative of the New Jersey Education Association. Defendants are the Superintendent of Schools in the City of Asbury Park, the Secretary to the Board of Education, the Board attorney, and the members of the Board of Education of the Asbury Park school district.

The original complaint challenged the procedures employed by the defendants directing the plaintiff Hoffman to submit to a psychiatric examination following what they deemed to be erratic behavior. Jurisdiction was invoked under the Fourteenth Amendment and by virtue of 28 U.S.C.A. § 1343(3) and (4) *et seq.*, and 42 U.S.C.A. §§ 1983 and 1988. A single judge granted partial summary judgment to the defendants holding that the procedures followed were consistent "with the requirements of N.J.S.A. 18A:16–2 and the guidelines imposed for its application in *Kochman v. Keansburg Bd. of Education,* 124 N.J.Super. 203 [305 A.2d 807] (Ch.Div.1973)." The

court, however, permitted an amendment to the complaint permitting plaintiffs' attack upon the constitutionality of N.J. S.A. 18A:16–2. Thereafter this three-judge court was convened. The Commissioner of Education of New Jersey represented by the Attorney General of New Jersey, was permitted to intervene to defend the constitutionality of the legislation under consideration.

This matter was precipitated by the notification of January 14, 1975 to the plaintiff Hoffman by the Asbury Park Board of Education that he should submit to a psychiatric examination, in accordance with the provisions of N.J.S.A. 18A:16–2 (Exhibit A of Verified Complaint). The letter expressed concern regarding Hoffman's general health and his performance as a teacher in view of the fact that plaintiff is "an elementary school teacher in constant close contact with a classroom of young children." [2] Following this, on January 21, 1975 plaintiff John Malloy, a field representative of the New Jersey Education Association, wrote on Hoffman's behalf to the Board Secretary lodging an objection to the directive on the basis that it was issued without sufficient justification and specificity. He further requested that a meeting be scheduled which would more fully apprise Hoffman of the reasons why he was to submit to an examination.

By letter of January 27, 1974 the Board of Education attorney advised the field representative that the Board

2. The January 14 letter from counsel for Asbury Park Board of Education continued, in pertinent part:

". . . The purpose of these (physical and psychiatric) examinations is to determine the state of your physical and mental health . . .

The Board makes this inquiry because there has been serious concern regarding your general health and your performance as a teacher . . . . This directive by the Board is based in part upon the fact that Dr. O'Scanlon, your psychiatrist, has stated in writing under letter of November 26, 1974, that you were emotionally unfit to

work and could not return to your teaching duties until Monday, December 2, 1974.

We are also concerned by emotional instability which occurred in the past and which seems now to have chronic character. The administration of the school system over the years has also been burdened by bizarre communications with the administration and the Board of Education.

If you have any objection to submitting to the physical and psychiatric examinations required by the statute, please notify Allen B. Weissberger, Secretary of the Board of Education, and you will be permitted to be heard by the Board of Education in private concerning this request."

would conduct a private hearing in which Hoffman could be accompanied by a representative. The meeting occurred on February 5, 1975 without the presence of Mr. Hoffman, who had refused to participate in the meeting unless he could be accompanied by the remaining plaintiffs. As a result of this meeting, a letter of February 11, 1975 was sent to Mr. Hoffman notifying him of the Board's decision that he submit to a physical and psychiatric examination. Hoffman's refusal to submit to the psychiatric examination resulted in the adopting of a resolution by the Board of Education certifying tenure charges against him which ultimately resulted in his suspension without pay pending resolution of the charges. See N.J.S.A. 18A:6–14.

The statute here under consideration, N.J.S.A. 18A:16–2 provides as follows:

18A:16–2. Physical examinations; requirement

Every board of education shall require all of its employees, and may require any candidate for employment, to undergo a physical examination, the scope whereof shall be determined under rules of the state board, at least once in every year and may require additional individual psychiatric or physical examinations of any employee, whenever, in the judgment of the board, an employee shows evidence of deviation from normal, physical or mental health.

Any such examination may, if the board so requires, include laboratory tests or fluoroscopic or X-ray procedures for the obtaining of additional diagnostic data.

The phrase "deviation from normal, . . . mental health." has been construed to mean "harmful, significant deviation from normal mental health affecting the teacher's ability to teach, discipline or associate with children of the age of the children subject to the teacher's control in the school district."

*Kochman v. Keansburg Board of Education, supra,* at 211–212, 305 A.2d at 812.

In February, 1972 all county superintendents in New Jersey were advised by the State Department of Education to inform local school boards that any individual of whom an examination is required pursuant to N.J.S.A. 18A:16–2 " . . . should be given the reason or reasons therefor . . . and also the right to be heard by the Board before the statute is applied." This directive was made mandatory as a matter of state law in *Kochman v. Keansburg Board of Education, supra,* wherein the court held that when a Board of Education intends to resort to the provisions of N.J.S.A. 18A:16–2, it must give to the teacher a statement of its reasons and must afford the teacher a hearing, if requested. 124 N.J.Super. at 213, 305 A.2d 807. At the hearing, plaintiff is entitled to be represented by a person of his choosing.

Plaintiff Hoffman, in urging that the statute is unconstitutional contends that he should have been afforded a full adversary hearing before the Board of Education prior to an adjudication by the Board that he should report for a psychiatric examination. He argues that it is at this preliminary stage in the proceedings that his rights to procedural due process are inhibited. In support of this position, plaintiff places reliance upon *Snead v. Department of Social Services, City of New York,* 355 F.Supp. 764 (S.D.N.Y.1973) and *Lombard v. Board of Education of the City of New York,* 502 F.2d 631 (2d Cir. 1974). The *Snead* case held that the defendants must conduct an adversary hearing prior to placing a permanent status civil service employee on involuntary leave of absence. However, the three-judge panel did not prescribe the precise form such hearings are to take, leaving several options available. The court there recognized that it was constitutionally proper for the state to retain the current psychiatric examination and hold an adver-

sary hearing *after* its completion, allowing its introduction as evidence at that proceeding. 355 F.Supp. at 773, n. 38. (Emphasis added).

In *Lombard, supra,* plaintiff was a non-tenured teacher who was directed by his principal to submit to a medical examination to determine his fitness to teach. Upon examination by two staff physicians of the Board of Education that he was suffering from an "emotional upset", Lombard was given an involuntary leave of absence. His assertion of a denial of due process challenged the action of the Board in terminating him without first having given him written reasons supporting that termination and an evidentiary hearing thereon. The Second Circuit Court of Appeals held that "it is not consistent with constitutional due process to permit to stand a 'finding' that appellant is, in effect, mentally incompetent or inadequate without giving him an opportunity in *any* tribunal to confront his accusers in an evidentiary type of hearing." *Id.* at 637. The court recognized the heavy burden which a charge of mental illness carries through life to find the need for an opportunity to meet the charge by confrontation in an adversary proceeding.

We do not disagree with the principles enunciated in the foregoing cases. We too recognize the stigma which may attach to a label of mental incompetence and the concomitant importance of the right to refute such an allegation. The key issue, then, as posed by plaintiffs here, is the question of the timing of the adversary hearing. It was apparent to the court in *Snead, supra,* that the hearing could be conducted subsequent to the mental examination and although plaintiffs rely heavily on that case, they fail to note this point in their desire to urge a full hearing at the earliest juncture available. Let us, then, examine the rights which are available to plaintiff Hoffman under Title 18A and in particular N.J.S.A. 18A:16–2. As heretofore stated, the Commissioner of the New Jersey State Board of Education requires a local Board of Education to give the reasons for the requested physical and mental examination to the subject teacher and should also afford him the right to be heard by the Board before the statute is applied. (Directive of February 2, 1972 from the Assistant Commissioner of Education to all County Superintendents).

The Supreme Court has held that where one's "good name, reputation, honor, or integrity is at stake" or "the State, in declining to re-employ (the employee), imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities", he may claim a deprivation of "liberty" under the due process clause of the Fourteenth Amendment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Once it is determined that an interest exists which suffices to warrant the protections of procedural due process, the question posed is what quantum of process is then due. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Consideration of those procedures which are constitutionally required must commence with a balancing of the precise nature of the government function against the private interest that has been affected by governmental action. *Cafeteria Workers v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

The Legislature of the State of New Jersey has delegated to local school boards the power to protect school children by authorizing the Boards to request a teacher to submit to a physical or mental examination when a teacher shows evidence of harmful, significant deviations from normal mental health affecting his ability to teach. *Laba v. Newark Board of Education,* 23 N.J. 364, 129 A.2d 273 (1957). The "protection of school children from teachers who have shown evidence of harmful, significant deviation from normal men-

tal health is without question not only a valid legislative concern but one classifiable as a compelling state interest." *Kochman, supra,* 124 N.J.Super. at 212, 305 A.2d at 812.

■ The process due plaintiff initially, therefore, must be viewed in light of subsequent proceedings available to him. When Hoffman was originally informed of the Board's decision to require a psychiatric examination, he requested a hearing, as is his right. However, prior to the hearing, he was apprised of the reasons for the order. Further, the Board of Education complied with the guidelines established for N.J.S.A. 18A:16–2 in holding the hearing for the benefit of Hoffman. Yet Hoffman made his own independent decision not to attend the meeting because the Board refused to allow him to be accompanied by several of his associates.[3] In doing so, the Board was merely following the dictates of N.J.S.A. 18A:25–7.

■■ We conclude that the type of hearing proposed need not take on all the formalities of a trial or a proceeding in the nature of a trial. There was no unconstitutional mischief awaiting plaintiff at this stage. The Board was affording plaintiff his statutory rights to notice and an opportunity to be heard and represented.[4]

If, however, the Board was not dissuaded from its original determination, the plaintiff could then challenge the decision by filing a formal petition of appeal with the Commissioner, before whom the proceedings become fully adversary with all the elements of due process. N.J.S.A. 18A:6–9. At such proceedings, the opportunity is provided to argue all relevant issues both at the prehearing conference and at the hearing itself. Witnesses may be subpoenaed, pursuant to N.J.S.A. 18A:6–20, and are subject to cross-examination. A detailed hearing examiner's report is prepared and submitted to both parties for exceptions, N.J.A.C. 6:24–1–16, at which point the Commissioner's decision is rendered. A teacher or other board employee may then appeal from an adverse decision by the Commissioner to the State Board of Education. N.J.S.A. 18A:6–27. Finally, the matter may be appealed to the Appellate Division of the New Jersey Superior Court, pursuant to Rule 2:2–3(a)(2).

It is for these reasons that the court concluded in *Kochman, supra,* that:

"With such procedural safeguards the application of N.J.S.A. 18A:16–2 will not violate due process." 124 N.J.Super. at 214, 305 A.2d at 813.

Further, when an employee has undergone a psychiatric examination and the results are considered by the Board to be sufficient to make him ineligible for further service until proof of cure is furnished, pursuant to N.J.S.A. 18A:16–4, he may appeal that Board determination to the Commissioner, which would then result in a full adversary proceeding.

■ The numerous procedural safeguards and guidelines established in *Kochman, supra,* to the application of N.J.S.A. 18A:16–2 are more than adequate to meet the requirements of the due process clause of the Fourteenth Amendment.

---

3. The Board permitted one representative to accompany the plaintiff. That representative could, of course, be plaintiff's counsel if he so desired. We find no violation of due process in the Board's refusal to permit Hoffman an unlimited number of representatives.

4. *Gish v. Board of Education of Paramus,* 1974 S.L.D. —— (1974) affirmed by the New Jersey Board of Education, 1975. While we are not bound to follow an administrative interpretation of a statute in the same manner

as we are bound by the state court's interpretation of its statute. (*See* page 1100, *infra*), we accord weight to the Commissioner's interpretation of the hearing requirements which he has held are binding upon the local boards of education and his own office. See, *Udall v. Tallman,* 380 U.S. 1 at 16–18, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964). New Jersey also gives weight to an agency's interpretation of its statute. *Passaic Daily News v. Blair,* 63 N.J. 474, 308 A.2d 649 (1973).

██ In reviewing the Constitutionality of a state statute, we are bound by the interpretation of that statute by the state court. *United States ex rel. Catena v. Elias,* 465 F.2d 765 (3d Cir. 1972). We are obliged to follow the interpretation of the highest court of state wide jurisdiction which has construed the statute providing that the state's highest judicial tribunal would adopt that construction. *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) n. 3. We are satisfied that the Supreme Court of New Jersey would adopt the *Kochman* construction of N.J. S.A. 18A:16–2.

██ Plaintiffs' second point asserts that the statement of reasons provided to Hoffman by the local Board was inadequate to allow him to properly assert his Fourteenth Amendment rights. However, due process does not require absolute specificity as to the standard of notice and the hearing. The procedural requirements for such a hearing may vary, depending upon the importance of the interest involved and the nature of the subsequent proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We find the notice given to plaintiff Hoffman sufficient to apprise him of the Board's determination of his deviation from normal mental health.

██ It is further contended by plaintiffs that the Board of Education is not a fair and impartial tribunal before which a hearing should be held as the Board has already made an affirmative finding that the teacher should submit to a psychiatric examination, and, therefore, the Board is called upon merely to reaffirm its own judgment. This assertion is more particularly applicable to this case, where one of the reasons the Board was seeking the psychiatric examination of Hoffman was due to "bizarre communications with the administration and the Board of Education." (Exhibit A of the Complaint).

██ Further examination, however, reveals that this argument is without merit. The purpose of the Board of Education is to oversee the smooth and efficient operations of the educational system. In carrying out its responsibilities, the Board must continually re-examine the qualifications of the teachers it selects. Once the Board has notified a teacher that it desires the teacher to undergo a medical examination there still remains an opportunity for the teacher to appear before the Board in an effort to dissuade the Board of the need for an examination. This is not qualitatively different than the situation where a university faculty member seeks to persuade a faculty board that he not be terminated. *See, Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Such a procedure at this stage of the proceedings does not violate due process. However, the burden of overcoming the mandate to submit to a psychiatric examination should properly remain with the teacher particularly in view of the full panoply of due process afforded plaintiff subsequent to the Board's initial determination.

Accordingly, this court finds the challenge to the constitutionality of N.J.S.A. 18A:16–2 to be without merit. Summary judgment will be granted in favor of defendants and against plaintiffs. Each party to bear its own costs. Defendants will submit an order consistent with this opinion.[5]

5. Although Count 8 of Hoffman's amended complaint seeks both temporary and permanent injunctions, we were advised at oral argument that plaintiffs no longer seek this interim relief at this time. (Tr. p. 3).